## TICE v. UNITED STATES.

The Secretary of the Treasury having been authorized by sect. 15 of the act of March 2, 1867 (14 Stat. 481), to " adopt, procure, and prescribe " meters to be used by distillers, adopted the meter of A., April 18, 1867. If the Secretary revoked his order, it was agreed that A. should be paid for all the instruments he might then have completed or have in process of completion, provided the number of sets in process of manufacture at any one time should not exceed twenty. A joint resolution, passed Feb. 3, 1868 (15 id. 246), declared that, pending an examination thereby directed, all work on the construction of meters under the direction of the Treasury Department should be suspended, and that in the mean time no further contract should be made under the act of March 2, 1867. Power to adopt and prescribe meters was, by the act of July 20, 1868 (id. 125), conferred upon the Commissioner of Internal. Revenue, who, Sept. 16, 1868, adopted A.'s meter, reserving the right to entirely revoke his order adopting it, and, on the part of the government, direct the discontinuance of its manufacture. June 8, 1870, the commissioner revoked his previous order, except as to meters then on hand or in process of construction not exceeding twenty sets; and A. was informed that neither the government nor any department or officer thereof was or would be responsible for or on account of any meters. The use of A.'s meter was entirely discontinued June 8, 1871. He then had fourteen and a half sets on hand, for the value of which he brought this suit, contending that the contract made by the Secretary in 1867, to pay for the instruments on hand at the time of the discontinuance to the extent of twenty sets, was adopted by the commissioner in 1868, and was made part of all the subsequent proceedings. It does not appear that any of the fourteen and a half sets on hand June 8, 1871, were on hand or in process of manufacture June 8, 1870. *Held*, that A. was not entitled to recover.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. J. W. Douglass* for the appellants.

*The Solicitor-General, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

By sect. 15 of an act approved March 2, 1867 (14 Stat. 481), the Secretary of the Treasury was authorized to " adopt, procure, and prescribe " for use hydrometers, weighing and gauging instruments, meters, or other means for ascertaining the strength and quality of spirits subject to tax, or for preventing or detecting frauds by distillers of spirits.

On the 18th of April, 1867, the Secretary adopted the Tice

meter, and prescribed its use in distilleries, upon certain agreed
conditions fully set forth in a letter to the inventor.    Among
those conditions were these :—

" The Secretary of the Treasury holds himself at liberty at any
time to adopt any improvement or modification of the meter or sys-
tem, or at any time to revoke the order adopting the meter, and to
discontinue their manufacture on behalf of the government.    If the
first meter shall prove successful when subjected to the test above
set forth, and the government shall subsequently revoke the adop-
tion of the meter and order a discontinuance of proceedings, you
will be paid such sum as may be determined upon in the manner
hereinafter stated for all instruments which you may have com-
pleted or have in process of completion at the time of such revoca-
tion : *Provided*, that at no time shall you have more than twenty
sets in process of manufacture at any one time, unless directions
shall be given hereafter for the manufacture of a larger number."

By joint resolution passed Feb. 3, 1868 (15 id. 246), Congress
directed the appointment, by the Secretary of the Treasury, of
a commission which, in connection with the then-existing com-
mission of the Academy of Science, should examine all meters
and mechanical contrivances or inventions presented to them
which were intended to measure, test, and ascertain the produc-
tiveness of grain or other articles prepared for distillation, or the
actual quantity and strength of distilled spirits subject to tax,
produced therefrom, the result of such examination to be com-
municated to Congress.    The act declared " that pending the
action of said commission, and until their report be made, and
a meter shall be by law adopted, all work on the construction
of meters, under the direction of the Treasury Department, be
and is hereby suspended."    " And in the mean time no further
contract shall be made by the Secretary of the Treasury " under
the act of March 2, 1867.

By an act approved July 20, 1868 (id. 125), power to " adopt
and prescribe " meters was conferred upon the Commissioner of
Internal Revenue.    That officer, Sept. 16, 1868, decided to adopt
and prescribe the Tice meter, and upon certain conditions, to
which the inventor assented, he directed the latter " to pro-
ceed with their construction."    Among the conditions were
these : —

" *Third,* The one hundred and seventeen meters now finished will be immediately made ready for delivery, and thirty-six now in process of manufacture will be completed as soon as possible. The manufacture of others, to the number of five hundred in all, is to be proceeded with as rapidly as possible, and thereafter not more than twenty sets are to be in process of construction at one time, unless a greater number is directed by the Commissioner of Internal Revenue.

" *Fourth,* The commissioner reserves to himself, or his successor in office, the right at any time to adopt any improvement of the meter or system, or to revoke the order adopting the meter, and to direct on the part of the government a discontinuance of its manufacture."

On the 7th of June, 1870, the commissioner ordered the discontinuance of that kind of Tice meter known as the second or " credit " meter, and required distilleries to use thereafter the Tice sample meter, and the Tice automatic meters adapted for use as sample meters.

On the succeeding day, June 8, 1870, the commissioner addressed to Tice a letter, in which, among other things, he gave notice that instructions and regulations in force prior to Oct. 8, 1869, " relating to the ordering and shipment and payment for the meters invented by you and prescribed for use in distilleries, remain in force only in respect to meters heretofore delivered, and also those you may now have on hand or in process of construction, not exceeding twenty sets." In that letter the commissioner further says : " Any regulations heretofore prescribed, addressed to you by or from this office, directing or authorizing you to construct, or proceed with the construction of, or to furnish, meters, especially those of Sept. 16, 1868, are revoked, except as aforesaid. New rules, regulations, and orders have been prescribed, a copy of which is herewith enclosed, it being distinctly understood that neither the government of the United States, nor any department or officer thereof, is or will be responsible for or on account of any spirit meters, or the attachment or adjustment thereof."

By a formal order made on June 8, 1871, the further use of Tice's spirit meters was finally discontinued, and all existing orders prescribing the same were revoked. At the date of

that order Tice had on hand fourteen and one half sets of meters, worth $25,000, for which sum, and for storage up to April 8, 1873, the estate of Tice rendered an account against the government on the 12th of April, 1873. The amount was approved by the then commissioner; but payment being refused, this action was brought against the government for the recovery of the sum claimed.

From the judgment of the Court of Claims in favor of the government this appeal is prosecuted.

We concur with the learned counsel for appellants in the proposition that the contract made April 18, 1867, by the Secretary of the Treasury with Tice was not abrogated by the joint resolution of Feb. 3, 1868. By the terms of the resolution it was only suspended until final action by the commission, whose report was designed as the foundation of a statute which would designate the kind of meters which should be adopted. But express authority to make a new contract was conferred by the act of July 20, 1868, upon the Commissioner of Internal Revenue. That officer was empowered to adopt and prescribe for use such hydrometers, saccharometers, weighing and gauging instruments or meters, as he might deem necessary. The extent of the authority intended to be conferred upon him is manifested by the third section of the act of July 20, 1868, which required every owner, agent, or superintendent of a distillery to furnish and attach, at his own expense, such meter as the commissioner might adopt and prescribe for use. It was by virtue of its provisions that the agreement of Sept. 16, 1868, was made. According to any fair construction of its terms, in the light of attendant circumstances, the government was bound, as under the agreement of April 18, 1867, to pay for such sets, not exceeding twenty, as Tice might have on hand at the time their use should be discontinued. The provision to that effect in the contract of April 18, 1867, is so reasonable and just, that we shall not presume that the contract of Sept. 16, 1868, was intended to establish a different rule of compensation to the inventor. But we do not perceive, however, that all this justifies the conclusion that the government was under any legal obligation to pay for the meters which Tice had on hand

on June 8, 1871, and for the value of which the account in question was presented. By the express words of the agreement of Sept. 16, 1868, the commissioner had the right at any time to revoke the order adopting the meter, and to direct the discontinuance of its manufacture on behalf of the government. That power was partially exerted by the order of June 7, 1870, which dispensed with the further use of all Tice meters except the sample meters, or the automatic meters adopted for use as sample meters. But the power of revocation and discontinuance was fully exerted by the sweeping order of June 8, 1870, which, reserving the rights of Tice as to all meters theretofore delivered, and as to such as were then on hand or in process of construction, not exceeding twenty sets, revoked all previous regulations which directed or authorized the inventor to construct, or proceed with the construction of, or to furnish, meters, and especially the regulation of Sept. 16, 1868. By that order distinct notice was given to the patentee that neither the government of the United States nor any department or officer thereof was or would be responsible for or on account of any spirit meters, or the attachment or adjustment thereof. The order of June 8, 1870, did not, perhaps, discontinue the use of meters altogether, but it clearly furnished notice that the patentee could not look to the government for protection or reimbursement as to any meters thereafter constructed by him and used by distilleries. The meters for which the account was rendered were on hand on June 8, 1871, when all existing orders prescribing the same for use were absolutely revoked and the further use of Tice meters discontinued. Had they been on hand and in the process of construction at the date of the order of June 8, 1870, we would not doubt the liability of the government for their value. But no such fact is found, and we suppose no such fact could have been established.

While we do not agree with the court below in all the reasons assigned in support of the conclusion reached, we think its judgment is in accordance with the law.

*Judgment affirmed.*